**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED FOOD AND COMMERCIAL
WORKERS LOCAL 655, AFL-CIO,**

**Plaintiff,**

**v.**

**HOLTEN MEAT, INC.,**

**Defendant.**                                    **No. 12-cv-00732-DRH-DGW**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

**I.       Introduction and Background**

Pending before this Court is plaintiff's motion for summary judgment (Doc. 11) and memorandum in support of the motion (Doc. 12). Plaintiff, United Food and Commercial Workers Local 655 ("Local 655") claims it is entitled to summary judgment because it has the right to arbitrate a grievance between members of its union and defendant, Holten Meat. Defendant opposes the motion (Doc. 13), arguing that arbitration of its policy is time barred.

This case arises from an action brought by Local 655 pursuant to 29 U.S.C. § 185(a) seeking to compel defendant to arbitrate a grievance between the parties. Local 655 claims that, under its collective bargaining agreement with Holten, it is entitled to arbitration as the final step in the dispute resolution process.

In August 2011, Holten changed its policy concerning absenteeism, authorizing an automatic termination for any employee receiving three

suspensions for absenteeism in a six month period.   On September 13, 2011, Local 655 sent a letter to Holten protesting the change, and stating that Local 655 reserved "the right to grieve and arbitrate any provision of the Policy and/or any discipline imposed thereunder."

In January 2012, Holten terminated Local 655 member Latoya Whitfield for receiving three suspensions in a six month period.  Local 655 filed a grievance on Whitfield's behalf that she had been discharged without proper cause.   Holten posited that Whitfield's discharge was based on a policy that was beyond the time it could be arbitrated, and therefore Holten was under no obligation to participate in arbitration with Local 655.

## II.   <u>**Summary Judgment**</u>

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c).   The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record or affidavits that demonstrate an absence of a genuine issue of material fact.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All justifiable inferences are to be drawn in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If the moving party meets its burden, the non-moving party has the burden of presenting specific facts to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the non-moving party's evidence "is to be believed," and all justifiable inferences drawn from it in the light most favorable to the non-moving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Id.* at 553. However, there is no issue for trial unless there is sufficient evidence that favors the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249.

### III.  <u>Analysis</u>

Local 655 claims it is entitled to summary judgment based on its collective bargaining agreement with Holten. Local 655 argues that the agreement provides a process for resolving "any differences, disputes including safety disputes, or complaints," and the final step of the process is referral to arbitration. Holten disputes plaintiff's argument, asserting that if Local 655 intended to file a grievance regarding its policy change concerning absenteeism that could become arbitrable, it needed to file the grievance within ten days of the event, the change of policy.

Determining whether the collective bargaining agreement creates a duty to arbitrate for the parties is a contractual question. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964). It is the court's duty to interpret the agreement and determine whether the parties intended to arbitrate grievances such as the one at issue before the court. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651 (1986). The Court must consider the "liberal federal policy in favor of arbitration agreements" when it resolves arbitrability disputes. *Int'l Bhd. of Elec. Workers, Local 21 v. Illinois Bell Tel. Co.*, 491 F.3d 685, 687 (7th Cir. 2007). The Seventh Circuit explicitly holds that there is a presumption of arbitrability unless there is no possible interpretation that the arbitration clause covers the asserted dispute. *Id.* at 687-88.

Here, the parties agree the collective bargaining agreement requires grievances be submitted to arbitration as a final step in resolution. While Local 655 alleges that until Whitfield was terminated under Holten's changed policy, there was no issue to grieve, Holten argues the policy itself should have been grieved at the time of the change in order for the grievance to be considered timely.

Examining the language of the collective bargaining agreement, the Court notes the following. In Article 5, entitled "dispute procedure," the agreement identifies a series of steps to be taken when a difference arises in the interpretation of the contents of the agreement. If the conflict cannot be resolved, the final step states the matter shall be referred to arbitration. Section 5.4 of the

collective bargaining agreement directs that in the event of an unfair discharge, the union must file a timely written complaint asserting that the discharge was improper. The matter is then to go to a mutually chosen arbitrator for determination of the merit of the claim.

In this case, when Holten first began discussing policy changes, Local 655 gave notice to Holten that it did not agree with the policy change regarding grounds for discharge. Local 655 further informed Holten that it would reserve the right to grieve and arbitrate any discipline imposed in the future under such policy. At the time of Holten's termination of Whitfield under its new policy change, Local 655 exercised its previously reserved right to grieve and arbitrate Whitfield's imposed discipline.

Under the language of the collective bargaining agreement, the Court determines that Local 655 has timely fulfilled the requirements of the contract. Further, the Court, in its interpretation of the agreement, finds that the parties intent was to arbitrate grievances such as the allegedly improper termination at issue here. *See AT&T Techs.*, 475 U.S. at 651. Holten, as the non-moving party has failed to inform the Court of specific facts or present sufficient evidence of a genuine issue to be settled by a trial. Thus, under the case law, there is no basis on which a reasonable jury could find in favor of Holten that Local 655 is not entitled to submit its grievance to arbitration. Consequently, the Court finds that Local 655 is entitled to judgment as a matter of law.

### IV.    <u>Conclusion</u>

Based on the aforementioned reasons, the Court concludes no genuine issues remain for the trier of fact regarding whether Holten is bound by its collective bargaining agreement to arbitrate Local 655's grievance.  Accordingly, Plaintiff's motion is **GRANTED** on this basis.  Holten is **COMPELLED** to submit to arbitration the pending grievance based on its discharge of Whitfield under its new policy change.

**IT IS SO ORDERED.**

Signed this 1st day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.01
13:38:07 -06'00'

**Chief Judge**
**United States District Court**